### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **SQN Capital Management, LLC** | : | |
| 100 Wall Street, 28th Floor | : | |
| New York, NY 10038 | : | |
| | : | |
| Plaintiff, | : | **Case No.** __2:19-cv-1268__ |
| **v.** | : | |
| | : | **Judge** _____ |
| **ST Holdings TOPCO, LLC** | : | |
| 480 Olde Worthington Road | : | |
| Westerville, Ohio 43082 | : | |
| c/o Seale A. Moorer, Jr. | : | |
| its Managing Agent | : | |
| | : | |
| and | : | |
| | : | |
| **Seale A. Moorer, Jr.** | : | |
| 1755 Riverstone Drive | : | |
| Delaware, Ohio 43015-7085, | : | |
| | : | |
| Defendants**.** | : | |

## COMPLAINT

### Parties

1.      Plaintiff SQN Capital Management LLC ("SQN") is a Delaware limited liability company with its principal place of business in New York, New York.  SQN has five members, four of whom are individuals and one of which is SQN Capital Partners, LLC.  None of the members of SQN is a citizen of Ohio.  The four individual members of SQN are citizens of the United Kingdom, New York, New Hampshire and Florida, respectively.  SQN Capital Partners, LLC has one member, SQN Capital Corporation, a Delaware corporation with its principal place of business in New York, New York.

2.      SQN brings this action as Sub-Agent on behalf of Ability Insurance Company, Inc. ("AIC"), a Nebraska corporation with its principal place of business in Nebraska, under a Sub-Advisory Agreement effective May 1, 2017.  The Sub-Advisory Agreement grants SQN the authority to manage assets in certain accounts of AIC, and to act as attorney-in-fact with respect to such assets.  Included among the assets as to which SQN is granted such authority are the instruments at issue in this matter and described herein.

3.      Defendant Seale A. Moorer, Jr.  ("Moorer") is an individual residing in Delaware, Ohio, and is a citizen of Ohio.

4.      Defendant ST Holdings TOPCO, LLC ("TOPCO") is a Delaware limited liability company with its principal place of business in Westerville, Ohio.

5.      Moorer is the Manager and Sole Member of TOPCO and, therefore, TOPCO is a citizen of Ohio.

## Jurisdiction and Venue

6.      This Court has original jurisdiction in this matter pursuant to the provisions of 28 U.S.C. §1332(a)(1) because the matter in controversy exceeds the value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.  Defendants are both citizens of Ohio.  SQN and AIC are not citizens of Ohio.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a defendant resides in the district and all defendants are residents of the State of Ohio.

## Transactions

8.      On or about May 24, 2018, AIC loaned TOPCO the sum of $2,650,000.00 ("Loan").

9.      In consideration of the Loan, TOPCO executed and delivered to AIC its Promissory Note dated May 24, 2018, an authentic copy of which is attached hereto marked Exhibit A ("Note").

10.     TOPCO agreed to make payments of principal and interest under the Note in accordance with a Credit Agreement dated May 24, 2018. An authentic copy of the Credit Agreement is attached hereto marked Exhibit B.

11.     In the Credit Agreement, TOPCO agreed to make payment of interest only for a period of 12 months beginning June 25, 2018. Thereafter, TOPCO agreed to make 24 monthly payments of $121,673.40 comprised of principal and interest until January 13, 2020, when the balance of unpaid principal and interest became fully due and payable. A copy of the amortization schedule for payment of principal and interest is attached to the Credit Agreement.

## FIRST CLAIM

12.     Plaintiff incorporates the allegations of the preceding paragraphs by reference.

13.     TOPCO failed to make any payments under the Note, including the first payment of interest due June 25, 2018, 30 days after the Note was signed and TOPCO received the Note proceeds of $2,650,000, and all payments due thereafter.

14.     TOPCO's failure to make timely payment of interest under the Note constitutes an event of default under the Credit Agreement.

15.     Upon an Event of Default, AIC is authorized to declare the balance outstanding on the Loan to be due and payable in full, together with accrued interest thereon, and all fees and other obligations of the Borrower accrued under the Credit Agreement, without presentment, demand, protest or other notice of any kind.

16.     SQN, on behalf of AIC, hereby declares that TOPCO is in default under the Note and Credit Agreement.

17.    SQN demands payment in full of all sums due from TOPCO under the Note and Credit Agreement.

18.    The amount due AIC under the Note and Credit Agreement is $2,866,573.97, which includes interest through April 5, 2019, plus additional interest due at the rate of 9.5% per annum from April 5, 2019, until the date of payment.

19.    Under the Credit Agreement, TOPCO is further obligated to pay all expenses incurred by SQN on behalf of AIC to enforce, collect or protect AIC's rights in connection with the Credit Agreement, including reasonable attorneys' fees, charges, costs, expenses and disbursements in connection with this action.  Plaintiff further demands payment of such amounts.

## SECOND CLAIM

20.    Plaintiff incorporates the allegations of the preceding paragraphs by reference.

21.    In consideration of the Loan and the benefit of the Loan to TOPCO, and to induce AIC to make the Loan, Moorer executed and delivered to AIC his Springing Guaranty Agreement dated May 24, 2018.

22.    An authentic copy of the Springing Guaranty Agreement is attached hereto marked Exhibit C.

23.    In the Springing Guaranty Agreement, Moorer unconditionally and irrevocably guaranteed to AIC the payment of all actual losses or damages which may be suffered or incurred by or imposed on AIC because of, *inter alia,* TOPCO's failure to comply with or breach of any covenant in the Credit Agreement.

24.    On account of TOPCO's default in payment of interest and principal due AIC under the Note, Moorer is indebted to AIC for $2,866,573.97, which includes interest through April 5, 2019, plus additional interest due at the rate of 9.5% per annum from April 5, 2019 until the date

4

of payment, plus Plaintiff's attorneys' fees, charges, costs, expenses and disbursements in connection with this action.

WHEREFORE, on behalf of AIC, SQN demands judgment against TOPCO and Moorer, jointly and severally, for $2,866,573.97, which includes interest through April 5, 2019, plus additional interest due at the rate of 9.5% per annum from April 5, 2019 until the date of payment, plus reasonable fees, charges, costs, expenses and disbursements of Plaintiff's counsel; and for such other or further relief to which AIC may be entitled.

Respectfully submitted,

/s/Loriann E. Fuhrer
Loriann E. Fuhrer             (0068037)
Larry J. McClatchey           (0012191)
Kegler Brown Hill + Ritter Co., LPA
65 East State Street, Suite 1800
Columbus, Ohio 43215
Phone: 615-462-5492
Fax: 614-462-2634
lfuhrer@keglerbrown.com
lmcclatchey@keglerbrown.com

*Attorneys for Plaintiff*