## SPRINGING GUARANTY AGREEMENT

THIS SPRINGING GUARANTY AGREEMENT, is entered into as of May 24th, 2018, by SEALE MOORER, an individual (the "Guarantor"), in favor of ABILITY INSURANCE COMPANY, INC. (the "Lender") for the benefit of the Secured Party (as defined in the Credit Agreement referred to below). Terms used but not defined herein shall have the meanings ascribed to them in the Credit Agreement (as hereinafter defined).

### RECITALS

The Lender will make a term loan (the "Term Loan") to ST HOLDINGS TOPCO LLC (the "Borrower"), pursuant to the Credit Agreement, dated as of the date hereof (the "Credit Agreement") among the Borrower and the Lender. The Guarantor, being a member of the Borrower, acknowledges and agrees that the Guarantor has received and will receive direct and indirect benefits from the extension of the Term Loan made to the Borrower. Accordingly, the Guarantor hereby agrees as follows:

1. Guaranty. The Guarantor hereby unconditionally and irrevocably guarantees to the Lender the payment of, and agree to protect, defend, indemnify and hold harmless the Lender for, from and against, any and all actual losses, damages or liability which may be suffered or incurred by, imposed on or awarded against the Lender (the "Guaranteed Obligations") arising out of or in connection with any one or more of the following (each of which shall be a "Trigger Event"):

    (a) Any fraudulent act or fraudulent omission, or intentional misrepresentation (including intentional breach of a representation), or omission to state a material fact by the Borrower, any Subsidiary or the Guarantor under or in connection with the Term Loan, the Credit Documents, or the transactions contemplated thereby;

    (b) Failure to pay insurance premiums or deductibles (but only to the extent such failure to pay a deductible entitles the applicable insurance company to deny coverage or withhold proceeds with respect to the insured claim), when and as required to be paid by the Borrower or any Subsidiary under the Credit Documents;

    (c) Failure to pay taxes and assessments imposed upon the Collateral to the extent that such taxes and assessments are then required to be paid by the Borrower or any Subsidiary under the Credit Documents;

    (d) Distributions to the Guarantor of any assets of the Borrower which were prohibited pursuant to the Credit Documents;

    (e) The intentional misapplication by the Borrower, any Subsidiary or the Guarantor of any insurance proceeds or condemnation awards attributable to any Collateral which, under the terms of the Credit Documents, were required to have been applied otherwise or paid to the Lender;

    (f) A judicial or non-judicial forfeiture or seizure proceeding is commenced by a Governmental Authority and remains pending with respect to any of the Collateral, on the grounds such portion of the Collateral had been used to commit or facilitate the commission of a criminal offense by any Person pursuant to any relevant law, regardless of whether or not any portion of the Collateral shall become subject to forfeiture or seizure in connection therewith;

1

(g)     The Guarantor, the Borrower or any Subsidiary voluntarily incurs any indebtedness that is secured by a lien against the Collateral unless permitted under the terms of the Credit Agreement or any other Credit Document;

(h)     Any breach, or amendment or modification of the Borrower's articles of formation and Operating Agreement without the consent of the Lender or any analogous provisions in the organizational documents of any Subsidiary which results or could reasonably be expected to result in the substantive consolidation of the assets and liabilities of the Borrower or the Guarantor, as the case may be, with any other Person;

(i)     Any acts of the Borrower, any Subsidiary or the Guarantor taken in bad faith with the intent to hinder, delay or interfere with the exercise by Lender and/or any Lender of any rights and remedies, respectively, under the Credit Documents after the occurrence of and during the continuance of an Event of Default;

(j)     Any failure to comply with or breach of any covenant of the Credit Agreement by the Borrower or any Subsidiary; or

(k)     (i) Any voluntary commencement by the Guarantor, the Borrower or any Subsidiary of any proceeding or the filing any petition seeking liquidation, reorganization or other relief under any Federal, state or foreign bankruptcy, insolvency, receivership or similar law now or hereafter in effect, (ii) any consent by the Guarantor, the Borrower or any Subsidiary to the institution of, or failure to contest in a timely and appropriate manner, any involuntary proceeding or petition seeking liquidation, reorganization or other relief in respect of the Guarantor, the Borrower or any Subsidiary, or its debts, or of a substantial part of its assets, under any Federal, state or foreign bankruptcy, insolvency, receivership or similar law now or hereafter in effect or the appointment of a receiver, trustee, custodian, sequestrator, conservator or similar official for the Guarantor, the Borrower or any Subsidiary, or for a substantial part of its assets, (iii) any application for or consent to the appointment of a receiver, trustee, custodian, sequestrator, conservator or similar official for the Guarantor, the Borrower or any Subsidiary or for a substantial part of its assets, (iv) any filing of an answer by the Guarantor, the Borrower or any Subsidiary admitting the material allegations of a petition filed against it in any such proceeding, (v) any general assignment by the Guarantor, the Borrower or any Subsidiary for the benefit of creditors or (vi) any act by the Guarantor, the Borrower or any Subsidiary for the purpose of effecting any of the foregoing.

2.     **Guaranty Continuing, Absolute, Unconditional**. The obligations of the Guarantor hereunder shall be continuing, absolute, unlimited and unconditional, shall not be subject to any counterclaim, setoff, deduction or defense based upon any claim the Guarantor may have against the Lender or the Borrower or any other person, and shall remain in full force and effect without regard to, and, to the fullest extent permitted by applicable law, shall not be released, discharged or in any way affected by, any circumstance or condition (whether or not the Guarantor shall have any knowledge or notice thereof) whatsoever which might constitute a legal or equitable discharge or defense.

3.     **Waivers**. The Guarantor unconditionally and irrevocably waives, to the fullest extent permitted by applicable law: (a) notice of any of the matters referred to in Section 2; (b) all notices which may be required by statute, rule of law or otherwise to preserve any rights against the Guarantor hereunder, including, without limitation, notice of the acceptance of this Guaranty, or the creation, renewal, extension, modification or accrual of the Guaranteed Obligations or notice of any other matters relating thereto, any presentment, demand, notice of dishonor, protest, nonpayment of any damages or other amounts payable under any Credit Document; (c) any requirement for the enforcement, assertion or

2

exercise of any right, remedy, power or privilege under or in respect of any Credit Document, including, without limitation, diligence in collection or protection of or realization upon the Guaranteed Obligations or any part thereof or any collateral therefor; (d) any requirement of diligence; (e) any requirement to mitigate the damages resulting from a default by the Borrower under any Credit Document; (f) the occurrence of every other condition precedent to which the Guarantor or the Borrower may otherwise be entitled; (g) the right to require the Lender to proceed against the Borrower or any other person liable on the Guaranteed Obligations, to proceed against or exhaust any security held by the Borrower or any other person, or to pursue any other remedy in the Lenders power whatsoever; (h) the right to have the property of the Borrower first applied to the discharge of the Guaranteed Obligations and (i) until such time that all Guaranteed Obligations have been indefeasibly paid in full, any and all rights it may now or hereafter have under any agreement or at law or in equity (including, without limitation, any law subrogating the Guarantor to the rights of the Lenders) to assert any claim against or seek contribution, indemnification or any other form of reimbursement from the Borrower or any other party liable for payment of any or all of the Guaranteed Obligations for any payment made by the Guarantor under or in connection with this Guaranty or otherwise. The lender may, at its election, exercise any right or remedy it may have against the Borrower without affecting or impairing in any way the liability of the Guarantor hereunder and the Guarantor waives, to the fullest extent permitted by applicable law, any defense arising out of the absence, impairment or loss of any right of reimbursement, contribution or subrogation or any other right or remedy of the Guarantor against the Borrower, whether resulting from such election by the Lender or otherwise. The Guarantor waives any defense arising by reason of any disability or other defense of the Borrower or by reason of the cessation for any cause whatsoever of the liability, either in whole or in part, of the Borrower to the Lender for the Guaranteed Obligations. The Guarantor assumes the responsibility for being and keeping informed of the financial condition of the Borrower and of all other circumstances bearing upon the risk of nonpayment of the Guaranteed Obligations and agrees that the Lender shall not have any duty to advise the Guarantor of information regarding any condition or circumstance or any change in such condition or circumstance. The Guarantor acknowledges that the Lender has not made any representations to the Guarantor concerning the financial condition of the Borrower.

4. <u>Parties</u>. This Guaranty shall inure to the benefit of the Lender and its successors, assigns or transferees, and shall be binding upon the Guarantor and its successors and assigns. The Guarantor may not delegate any of the Guarantor's duties under this Guaranty without the prior written consent of the Lender.

5. <u>Notices</u>. Any notice shall be given in the manner, to the addresses and with the effect set forth the Credit Agreement.

6. <u>Right to Deal with the Borrower</u>. At any time and from time to time, without terminating, affecting or impairing the validity of this Guaranty or the obligations of the Guarantor hereunder, the Lender may deal with the Borrower in the same manner and as fully as if this Guaranty did not exist and shall be entitled, among other things, to grant the Borrower, without notice or demand and without affecting the Guarantor's liability hereunder, such extension or extensions of time to perform, renew, compromise, accelerate or otherwise change the time for payment of or otherwise change the terms of indebtedness or any part thereof contained in or arising under any Credit Document or any other document evidencing Obligations of the Borrower to the Lender, or to waive any obligation of the Borrower to perform, any act or acts as the Lender may deem advisable.

7. GOVERNING LAW; CONSENT TO JURISDICTION; WAIVER OF JURY TRIAL. THIS GUARANTY AND ANY CLAIM, CONTROVERSY OR DISPUTE RELATED TO OR IN CONNECTION WITH THIS GUARANTY OR ANY OF THE TRANSACTIONS CONTEMPLATED HEREBY, THE RELATIONSHIP OF THE PARTIES HERETO AND THE INTERPRETATION AND ENFORCEMENT OF THE RIGHTS AND DUTIES OF THE PARTIES

HERETO SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK. THE GUARANTOR HEREBY IRREVOCABLY SUBMITS TO THE JURISDICTION OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK AND ANY COURT IN THE STATE OF NEW YORK IN ANY ACTION, SUIT OR PROCEEDING BROUGHT AGAINST THE GUARANTOR AND RELATED TO OR IN CONNECTION WITH THIS GUARANTY OR THE TRANSACTIONS CONTEMPLATED HEREBY, AND TO THE EXTENT PERMITTED BY APPLICABLE LAW, THE GUARANTOR HEREBY WAIVES AND AGREES NOT TO ASSERT BY WAY OF MOTION, AS A DEFENSE OR OTHERWISE IN ANY SUCH SUIT, ACTION OR PROCEEDING, ANY CLAIM THAT THE GUARANTOR IS NOT PERSONALLY SUBJECT TO THE JURISDICTION OF SUCH COURTS, THAT THE SUIT, ACTION OR PROCEEDING IS BROUGHT IN AN INCONVENIENT FORUM, THAT THE VENUE OF THE SUIT, ACTION OR PROCEEDING IS IMPROPER, OR THAT THIS GUARANTY OR ANY DOCUMENT OR ANY INSTRUMENT REFERRED TO HEREIN OR THE SUBJECT MATTER THEREOF MAY NOT BE LITIGATED IN OR BY SUCH COURTS. TO THE EXTENT PERMITTED BY APPLICABLE LAW, THE GUARANTOR AGREES (I) NOT TO SEEK AND HEREBY WAIVES THE RIGHT TO ANY REVIEW OF THE JUDGMENT OF ANY SUCH COURT BY ANY COURT OF ANY OTHER NATION OR JURISDICTION WHICH MAY BE CALLED UPON TO GRANT AN ENFORCEMENT OF SUCH JUDGMENT AND (II) NOT TO ASSERT ANY COUNTERCLAIM, IN ANY SUCH SUIT, ACTION OR PROCEEDING UNLESS SUCH COUNTERCLAIM COULD NOT, BY REASON OF ANY APPLICABLE FEDERAL OR STATE PROCEDURAL LAWS, BE INTERPOSED, PLEADED OR ALLEGED IN ANY OTHER ACTION. THE GUARANTOR AGREES THAT SERVICE OF PROCESS MAY BE MADE UPON THE GUARANTOR BY CERTIFIED OR REGISTERED MAIL TO THE ADDRESS FOR NOTICES SET FORTH IN THIS GUARANTY OR ANY METHOD AUTHORIZED BY THE LAWS OF NEW YORK. THE GUARANTOR IRREVOCABLY WAIVES ALL RIGHT TO TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM ARISING OUT OF OR RELATING TO THIS GUARANTY, THE CREDIT DOCUMENTS OR THE TRANSACTIONS CONTEMPLATED HEREBY OR THEREBY.

8. *Miscellaneous.* (a) If any term of this Guaranty or any application hereof shall be invalid or unenforceable, the remainder of this Guaranty and any other application of such term shall not be affected thereby. (b) Any term of this Guaranty may be amended, waived, discharged or terminated only by an instrument in writing signed by the Guarantor and the Lender. No notice to or demand on the Guarantor shall be deemed to be a waiver of the obligations of the Guarantor or of the right of the Lender to take further action without notice or demand as provided in this Guaranty. No course of dealing between the Guarantor and the Lender shall change, modify or discharge, in whole or in part, this Guaranty or any obligations of the Guarantor hereunder. No waiver of any term, covenant or provision of this Guaranty shall be effective unless given in writing by the Lender and if so given shall only be effective in the specific instance in which given. (c) The headings in this Guaranty are for purposes of reference only and shall not limit or define the meaning hereof. (d) No delay or omission by the Lender in the exercise of any right under this Guaranty shall impair any such right, nor shall it be construed to be a waiver thereof; nor shall any single or partial exercise of any right hereunder preclude any other or further exercise of any other right. (e) The execution and delivery of this Guaranty shall not supersede, terminate, modify or supplement in any manner any other guaranty previously executed and delivered to the Lender by the Guarantor and no release or termination of any guaranty shall be construed to terminate or release any other guaranty unless such guaranty is specifically referred to in any such termination.

**[Signature page follows]**

IN WITNESS WHEREOF, the undersigned has executed and delivered this Guaranty as of the day and year first above written.

SEALE MOORER, an individual

_____

Notice Address:
480 OLDE WORTHINGTON ROAD, SUITE 350
WESTERVILLE, OHIO  43082

State of New York )
                  ) ss.
County of New York )

On May 24th, 2018, before me, a Notary Public, personally appeared Seale Moores, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.
Witness my hand and official seal.
SEAL

JASON BENCIVENGA
Notary Public – State of New York
NO. 01BE6365257
Qualified in Richmond County
My Commission Expires Oct 2, 2021

_____
Notary Public

[Signature Page to Springing Guaranty Agreement]