# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **SQN Capital Management, LLC** | : | |
| | : | |
| Plaintiff, | : | |
| **v.** | : | |
| | : | Case No. 2:19-cv-1268 |
| **ST Holdings TOPCO, LLC** | : | |
| | : | **Judge Watson** |
| and | : | |
| | : | **Magistrate Judge Jolson** |
| **Seale A. Moorer, Jr.,** | : | |
| | : | |
| Defendants**.** | : | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR EXTENSION OF TIME**

Under ordinary circumstances, Plaintiff and its counsel would typically agree to Defendants' requested extension of time for answering the complaint.  However, this matter is not typical, for a number of reasons.  First, Plaintiff has a legitimate concern that any delay in this action will result in an irremediable dissipation of assets available for satisfaction of the judgment.  Defendants are involved in a number of other suits, their related companies are in bankruptcy, and in the midst of all of this, Mr. Moorer has left the country.  None of those facts give a creditor comfort in the face of delay.

Second, Plaintiff's counsel's prior history with Defendant Moorer, in which he would not submit to deposition without a motion to compel (see attached Exhibit A), causes concern that Defendants' request for an extension is interposed merely for the purpose of delay and avoidance.  Mr. Moorer was in the country when this lawsuit was served upon him, and remained here for more than a week, and Defendants' motion does not explain why his later travel would prevent him from engaging counsel and communicating with them sufficiently to permit answering the complaint.  This is particularly true where, as here, the complaint is very straightforward—

Defendants borrowed money they were obligated to repay over time, and they failed to make a single payment.

In responding to Defendants' request, Plaintiff explained its hesitation, and proposed a compromise.  Plaintiff indicated its willingness to agree to a short extension, with assurances that Defendants did not intend to interpose meaningless procedural roadblocks, such as contesting service, jurisdiction or venue.  (See attached Exhibit B.)  Plaintiff's counsel invited further discussion, but Defendants responded only with their motion.  In their communication to Plaintiff's counsel, defendants did not identify Mr. Moorer's travel, nor provide any reason, as a basis for their request.

Even if Mr. Moorer's absence from the United States were an impediment to answering the complaint (which, given the state of modern international communications, is difficult to credit), Defendants' motion does not disclose when Mr. Moorer is returning and does not explain why 21 days, rather than the 7 days to which Plaintiff will agree, is necessary.  In addition, it is Plaintiff's understanding that Mr. Moorer is returning to Ohio today.

Plaintiff therefore requests that Defendants' motion be denied.  However, if the court is inclined to grant an extension, Plaintiff requests that it be granted only if, and only to the extent that, Defendants demonstrate an actual need, as opposed to a desire for delay.

    Respectfully submitted,

/s/Loriann E. Fuhrer
Loriann E. Fuhrer    (0068037)
Larry J. McClatchey    (0012191)
Kegler Brown Hill + Ritter Co., LPA
65 East State Street, Suite 1800
Columbus, Ohio 43215
Phone: 615-462-5492; Fax: 614-462-2634
lfuhrer@keglerbrown.com
lmcclatchey@keglerbrown.com
*Attorneys for Plaintiff*

3

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Response was sent via the court's ECF system to all counsel of record, upon its filing on April 29, 2019.

/s/Loriann E. Fuhrer
Loriann E. Fuhrer  (0068037)