IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SQN Capital Management, LLC | )<br>)<br>)  Case No. 2:19-cv-1268<br>)<br>**Plaintiff,**  )<br>v.  )  Judge Watson<br>)  Magistrate Judge Jolson<br>ST Holdings, TOPCO LLC,  )<br>)  **ANSWER TO COMPLAINT**<br>and  )<br>)<br>Seale A. Moorer, Jr.  )<br>)<br>**Defendants.**  )<br>_____) |

### ANSWER OF DEFENDANTS ST HOLDINGS TOPCO, LLC AND SEALE A. MOORER, JR. TO PLAINTIFF'S COMPLAINT

Defendants, ST Holdings TOPCO LLC and Seale A. Moorer, Jr. Collectively "Defendants") by and through Counsel, state the following as their Answer to Plaintiff's Complaint:

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph one of Plaintiff's Complaint.

2. Defendants deny the allegations stated in paragraph two of Plaintiff's Complaint.

3. Defendants admit the allegations stated in paragraph three of Plaintiff's Complaint.

4. Defendants admit that TOPCO is a Delaware Limited Liability Company and deny the remaining allegations stated in paragraph four of Plaintiff's Complaint.

5. Defendants admit that Moorer is the Manager of TOPCO and deny the remaining allegations stated in paragraph five of Plaintiff's Complaint.

1

6. Defendants deny that this Court has jurisdiction in this matter.

7. Defendants deny that Venue is proper in this judicial district.

8. Defendants state that Exhibit A to the Complaint speaks for itself.

9. Defendants state that the document attached as Exhibit A to the Complaint speaks for itself.

10. Defendants state that the document attached as Exhibit B to the Complaint speaks for itself. Defendants further state that Exhibit B to the Complaint is not signed by AIC and are without knowledge or information sufficient to form a belief as to the truth as to the remaining allegations stated in paragraph ten of Plaintiff's Complaint.

11. Defendants state that the document attached as Exhibit B to the Complaint speaks for itself. Defendants state that Exhibit B is not signed by AIC and are without knowledge or information sufficient to form a belief as to the truth as to the remaining allegations stated in paragraph eleven of Plaintiff's Complaint.

12. Defendants incorporate by reference its answers in the previous paragraphs in response to paragraph twelve of Plaintiff's Complaint.

13. Defendants deny that Defendants received any Note proceeds. Plaintiff SQN received the majority of the Note proceeds. Defendants are without knowledge or information sufficient to form a belief as to the truth as to remaining allegations stated in paragraph thirteen of Plaintiff's Complaint.

14. Defendants deny the allegations stated in paragraph fourteen of Plaintiff's Complaint.

15. AIC is not a party to this action and Exhibit B to the Complaint speaks for itself, which was not signed by AIC. Defendants deny the remaining allegations stated in paragraph fifteen of Plaintiff's Complaint.

16. Defendants deny the allegations stated in paragraph sixteen of Plaintiff's Complaint.

17. SQN is not a party to the Note or Credit Agreement and Exhibit B to the Complaint was not signed by AIC. Defendants are without knowledge or information sufficient to form a belief as to the truth as to the remaining allegations stated in paragraph seventeen of Plaintiff's Complaint.

18. Defendants deny the allegations stated in paragraph eighteen of Plaintiff's Complaint.

19. Defendants deny the allegations stated in paragraph nineteen of Plaintiff's Complaint.

20. Defendants incorporate by reference its answers in the previous paragraphs in response to paragraph twenty of Plaintiff's Complaint.

21. Defendants state that the terms of the Exhibit C speak for itself and are without knowledge or information sufficient to form a belief as to the truth as to the remaining allegations stated in paragraph twenty-one of Plaintiff's Complaint.

22. Defendants state that Exhibit C speaks for itself.

23. Defendants state that Exhibit C speaks for itself.

24. Defendants deny the allegations stated in paragraph twenty-four of Plaintiff's Complaint.

25. Defendants deny each and every allegation not specifically admitted herein.

**SECOND DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**THIRD DEFENSE**

Plaintiff's Complaint is barred in whole or in part by lack of subject matter jurisdiction due to the governing Forum Selection Clause.

**FOURTH DEFENSE**

Plaintiff's Complaint is barred as jurisdiction is proper in the State of New York.

**FIFTH DEFENSE**

Plaintiff's Complaint is barred by the doctrine of waiver.

**SIXTH DEFENSE**

Plaintiff's Complaint is barred by laches and estoppel.

**SEVENTH DEFENSE**

Plaintiff's Complaint is barred by the doctrine of unclean hands.

**EIGHTH DEFENSE**

SQN lacks standing to bring the action.

**NINTH DEFENSE**

Exhibit B attached to Plaintiff's Complaint is not signed by AIC.

**TENTH DEFENSE**

Defendant ST Holdings TOPCO LLC did not receive the loan proceeds.

**ELEVENTH DEFENSE**

SQN was negligent in its dealings with the Defendants.

**TWELFTH DEFENSE**

SQN is jointly and severally liable for any amount allegedly owed to AIC.

**THIRTEENTH DEFENSE**

Any agreement with Defendants is void for lack of consideration.

**FOURTEENTH DEFENSE**

Plaintiff's Complaint is barred by self-dealing.

**FIFTEENTH DEFENSE**

Plaintiff's Complaint constitutes frivolous conduct to which Defendants are entitled to sanctions.

**SIXTEENTH DEFENSE**

Plaintiff has failed to name necessary and /or indispensable parties to this action.

**SEVENTEENTH DEFENSE**

Plaintiff's Complaint is barred by dishonesty in fact.

**EIGHTEENTH DEFENSE**

Defendants expressly incorporate herein each and every affirmative defense authorized by Ohio, New York and/or and Federal law.

**NINETEENTH DEFENSE**

Defendants reserve the right to assert additional affirmative defenses and matter in avoidance as may be disclosed in the course of additional investigation and discovery in this case.

**WHEREFORE,** Defendants requests that Plaintiff's Complaint be dismissed at Plaintiff's cost and that Defendants be awarded reasonable attorney's fees.

Respectfully submitted,

**Billings & Associates**

**/s/ Robin L. Morrison**
James R. Billings (0081636)
Robin Jindra Morrison (0079489)
P.O. Box 1557
Westerville, Ohio 43086
(614) 668-6739
jamesrbillings@billings-law.com
robinmorrison712@gmail.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned herby certifies, that a copy of the foregoing *Answer* was sent via the ECF system, which will send notice to counsel of record, including:

Loriann E. Fuhrer (Reg No. 0068037)
Larry J. McClatchey (Reg No. 0012191)

5

*Counsel for Plaintiff*

This 8th day of May 2019

                                           **/s/ Robin L. Morrison**
                                           Robin L. Morrison